No. 11,216.

HALL v. INDUSTRIAL COMMISSION, ET AL.

Decided May 4, 1925.   Rehearing denied June 1, 1925.

Proceeding under the workmen's compensation act. Claim disallowed.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Jurisdiction.* The workmen's compensation act has extra-territorial effect, so that a Colorado employe if injured in another state in the course of his employment, may recover compensation in this state under the act.

2.  *Jurisdiction.* Where the injury is in Colorado, and the contract of employment made in another state, and the work is not to be carried on principally in Colorado, the industrial commission has no jurisdiction to award compensation to an injured employe.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. ELLIS, ROBINSON & SARCHET, Mr. JOHN S. FINE, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon the review of a judgment of the district court of the City and County of Denver affirming an order of the Industrial Commission. The order, or award, in question was one whereby the commission denied compensation to the claimant.

The claimant was an employee whose employer was engaged in the show or carnival business. Claimant's duties were those of an advance agent. The headquarters of the business, and the residence of the employer, were in the state of Kansas. The contract of employment was made in Nebraska, claimant says, and the commission found it was made in Kansas. In any event it was not made in Colorado. The Commission denied compensation upon the ground that it had no jurisdiction to grant it, under the facts above stated. The sole question to be determined is the correctness of the ruling on the question of jurisdiction.

The plaintiff in error, claimant before the commission, points out that certain definitions found in the Workmen's Compensation Act would make it apply to nonresident employers. See section 4382, C. L. 1921, defining "employer." Such a construction would render many other parts of the act unworkable, such as the enforcement of orders, and the issuance of subpoenas, mentioned in section 4410, C. L. 1921. A situation like this is commented on in *Spitzer v. Rolph,* 110 Ore. 461, 223 Pac. 253.

Our act has extra-territorial effect, so that where a contract of employment is made in Colorado between citizens of Colorado, the employe if injured in another state in the course of his employment may recover compensation in this state under our act. *Industrial Commission v. Aetna Life Ins. Co.,* 64 Colo. 480, 174 Pac. 589. Most of the other states have given their Workmen's Compensation Acts extra-territorial effect, in the same way. See *Hopkins v. Matchless Metal Polish Co.,* 99 Conn. 457, 121 Atl. 828.

Where the situation is such as that now before us, that is, where the injury is in this state, and the contract of employment made in another, and the work is not to be carried on principally within this state, the trend of the decisions seems to be to leave the injured party to proceed under the laws of the state where the contract was made. The Hopkins case above cited, quoting from Bradbury's Workmen's Compensation (3rd Ed.) 88, or the same au-

thor's note in 9 Anno. Neg. & Comp. Cases, 918, says: "It would seem that the application of the doctrine that the parties should be governed by the workmen's compensation law of the state where the contract of employment was made, would settle very many of the difficulties and conflicts which are bound to arise, and that any other doctrine would greatly multiply these difficulties."

The doctrine favored by Bradbury should be adopted here, as it was in the Connecticut case above cited. It is accordingly held that our Industrial Commission had no jurisdiction to award compensation to the plaintiff in error, in view of the fact that his contract of employment was made in another state and his duties were not to be performed principally in this state only.

The district court was right in affirming the decision of the commission. The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.