In the Matter of the Claim of FRANCIS M. SMITH, Appellant, against THE AEROVANE UTILITIES CORPORATION et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

(Argued March 14, 1932; decided April 26, 1932.)

*Henry J. Crawford* for Francis M. Smith, appellant The State Industrial Board had jurisdiction of the claim. (*Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394.)

*Gerard J. Hernon* for respondents. The Industrial Board was without jurisdiction because the accident happened in the State of Pennsylvania in connection with employment in Pennsylvania not arising out of employment in the State of New York. (*Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394; *Matter of Copeland* v. *Foundation Co.*, 256 N. Y. 442; *Matter of Amaxis* v. *Vassilaros, Inc.*, 258 N. Y. 13; *Matter of Baum* v. *N. Y. Air Terminal, Inc.*, 230 App. Div. 531; *Matter of Arnink* v. *Caflisch*, 232 App. Div. 713; *Matter of Kolfatis* v. *Commercial Painting Co.*, 233 App. Div. 882; *Matter of Thompson* v. *Foundation Co.*, 188 App. Div. 506.) The accident did not arise out of or in the course of claimant's employment. (*Parisi* v. *Whittemore, Rauber & Vicinus*, 230 App. Div. 140; *Schultz* v. *Beaver Products, Inc.*, 250 N. Y. 565.)

CRANE, J. The Aerovane Utilities Corporation is a domestic corporation with office and principal place of business located at 292 Madison avenue in the city of New York. It is engaged in the advertising business, erecting advertising signs on poles throughout the country. Its business is operated and conducted from New York city. Francis M. Smith, the claimant, resided at 293 Third street, Albany, N. Y., and had worked as a laborer for the Aerovane Utilities Corporation, putting up advertising signs at Gloversville, Johnstown, and around Albany, Troy and Schenectady. For a short period he had worked for a contractor named Dollard, but had come back to his old employer, the Aerovane Utilities Corporation, and had worked for it five days or more before he was sent by its foreman to assist in putting up advertising signs in the vicinity of Scranton, Penn. The foreman, Badertcher, called for the claimant in his automobile at his club in Albany and took him out to Scranton where he was at work for about a week and a half when he was injured in the accident for which he seeks compensation. While in Scranton the few employees

doing the work lived at a hotel and motored out to the various places where the advertising signs were being placed. Badertcher, the foreman, testified that his company was engaged in the business of constructing advertising signs throughout the country; that when Smith went to work for him or the Aerovane Company, they were working at Gloversville and Johnstown, New York State.

" Q. How long had Mr. Smith worked for you under the Aerovane and before you went to Pennsylvania? A. About two weeks. * * * I told him I wanted him to go to Pennsylvania with me, when I got ready I would take him with me. He [Mr. Burns, the president of the company] told me to take the men I had if they would go, Mr. Smith went with another fellow I also hired in New York State. We were told it would take about four weeks.

" Q. This work at Scranton and around in the different directions of the State was putting up these standards? A. Yes.

" Q. If he [Smith] had not been injured would he have been employed in New York State upon his return? A. Yes, sir.

" Q. So your work down in Pennsylvania was of temporary nature? A. Yes.

" Q. The same class of work that he was doing here? A. Yes.

" Q. That was incidental to other business here in New York? A. Yes.

" Q. From time to time did you have occasion to go to other states to do some of this work? A. Yes.

" Q. Stayed a short time and then came back to New York State? A. Yes.

" Q. Went from New York State temporarily to the other states to put this equipment up and returned to New York State? A. Yes."

This case comes squarely within the case of *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544, 554). The

defendant, in that case a corporation, was engaged in sheet metal work in Brooklyn, N. Y., and employed William Post, a resident of Brooklyn, as a sheet metal worker. The contract of employment was made in the State of New York. On September 1, 1914, he was sent by his employer to perform certain sheet metal work on a grain elevator in Jersey City, State of New Jersey, and while engaged in his work on that day, a sheet metal slipped from his hands and he received an injury for which he was compensated by an award, under the Workmen's Compensation Law (Cons. Laws, ch. 67). This court affirmed the award, stating in the opinion: " The language of the statute if construed literally, and we see no reason why it should not be, expressly includes the employee in this case, as he was engaged in his employment in New Jersey, away from the plant of his employer, and under the employer's express direction." The decision was unanimous, including the present Chief Judge of this court, and former Chief Judges WILLARD BARTLETT, HISCOCK and CARDOZO. *Matter of Post* v. *Burger & Gohlke* has been cited and followed with approval in *Matter of Spratt* v. *Sweeney & Gray Co.* (216 N. Y. 763); *Matter of Valentine* v. *Smith, Angevine & Co.* (216 N. Y. 763); *Matter of Klein* v. *Stoller & Cook Co.* (220 N. Y. 670); *Matter of Fitzpatrick* v. *Blackall & Baldwin Co.* (220 N. Y. 671); *Matter of Smith* v. *Heine Boiler Co.* (224 N. Y. 9).

The facts in *Matter of Klein* v. *Stoller & Cook Co.* (*supra*) were these: The defendant was engaged in manufacturing ornamental iron work with its plant and place of business at 550 Trinity avenue in the Bronx, New York city. The claimant, Samuel Klein, was an ornamental iron worker residing at 871 East One Hundred and Seventy-ninth street, New York city. He was engaged, at five dollars a day and his carfare to and from New York, to construct ornamental iron work on a hotel building in Newark, N. J., and while there was injured in the course of his employ-

ment. This court sustained an award made to him under our Compensation Law.

In *Matter of Smith* v. *Heine Boiler Co.* (*supra*, p. 11) we said, through CARDOZO, J.: "A duty is imposed by law on employers conducting a hazardous employment in New York to insure their workmen against injury, and the insurance covers injuries incidental to that employment though suffered in another state."

When the State Industrial Board in this claim of Francis M. Smith found that his case came within the provisions of our Workmen's Compensation Law, they were sustained by the evidence and also by the authorities here cited. No distinction can be drawn in the application of the principle between this case and *Matter of Post* v. *Burger & Gohlke*, and *Matter of Klein* v. *Stoller & Cook Co.* (*supra*).

The respondent relies upon *Matter of Cameron* v. *Ellis Construction Co.* (252 N. Y. 394, 397), which, however, is not a departure from the rule laid down in the *Matter of Post* v. *Burger & Gohlke* case; in fact, the opinion in the *Cameron* case expressly cites and approves of our former decisions in *Matter of Post* v. *Burger & Gohlke* and *Matter of Klein* v. *Stoller & Cook Co.*, and says: " When the course of employment requires the workman to perform work beyond the borders of the State, a close question may at times be presented as to whether the employment itself is located here. Determination of that question may at times depend upon the relative weight to be given under all the circumstances to opposing considerations. The facts in each case, rather than juristic concepts, will govern such determination. Occasional transitory work beyond the State may reasonably be said to be work performed in the course of employment here; employment confined to work at a fixed place in another State is not employment within the State, for this State is concerned only remotely, if at all, with the conditions of such employment."

There was no " fixed place " of employment within the State of Pennsylvania within the meaning of this word as used in the *Cameron* case, for it definitely appears from the testimony that Smith's employment was temporary, transitory, and incidental to his New York work.

In the *Cameron* case the claimant was a resident of Canada, employed by a Massachusetts corporation to operate an engine at a sand pit located in Canada, from which sand and gravel were taken for use of the employer in the construction of a road in the State of New York, and we held that the claimant did not come within the provisions of our Workmen's Compensation Law. The only connection the claimant had with New York State in that case was the fact that a foreign corporation was temporarily doing work here. This is entirely different from a domestic corporation located and employing men here doing work temporarily outside the State. Cameron and his work were fixed in Canada. Smith's employment was here in New York State, the nature of his work requiring him to go temporarily into other States under the direction and control of employers located here.

The order of the Appellate Division should be reversed and the award of the State Industrial Board confirmed, with costs in this court and in the Appellate Division to the claimant-appellant.

LEHMAN, J. (dissenting). Accidental injuries which arise out of and in the course of work outside of the territorial limits of the State of New York are not covered by the Workmen's Compensation Law, unless the work outside of the State is an incident of employment within the State. (*Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394.) The work outside of the State may be incidental to a *business* conducted by the employer within the State. That is true of almost all work done for an employer whose principal place of business is within this State. That is not the test, even where the contract of

employment is made here. The test is whether the work outside of the State is an incident of the *employment* of the workman and not merely an incident of the *business* of the employer.

Here the employer is a New York corporation engaged in business within the State. In the course of and as an incident of its business it constructs aerovanes at various points. Its foreman is employed generally to work wherever the employer is constructing an aerovane and where the foreman may be sent. Work done by him at any point within or without the State is an incident of his general employment. Not so, where a workman is employed to do a specific piece of work in a specific locality. The evidence is sufficient to show that the claimant who was injured in Pennsylvania was employed on work near Albany by the same employer and under the same foreman for two weeks before he went to Pennsylvania. Perhaps he had been employed from time to time in similar work elsewhere in the same general neighborhood. At the time of his Albany employment he was the driver of a team of horses owned by one Dollard. The employer hired the team from Dollard for the work it was doing near Albany. It employed the driver so long as it used the team. The worker's employment ceased each time when the particular work for which he was employed stopped. If the employer chose to use the claimant elsewhere, it might again hire him, but work done upon each piece of construction work was under an employment confined to that work. When the Albany work was finished, the foreman asked the claimant whether he wished to work on another job in Scranton. Refusal of the offer would not have resulted in a discharge of the claimant from existing employment, for that would in any event come to an end before the new work began. Acceptance of the offer resulted in a new employment for work confined to Pennsylvania. Work done outside of the State can never be an incident of an employment within

the State, unless the employment within the State has larger scope than particular work outside of the State. Absence outside of the State, though temporary or transitory, must be in the course of general employment here. Here, the undisputed testimony shows that the claimant's presence in Pennsylvania was not in the course of a general employment here, but was in the course of an employment which, though initiated here, involved no work or duty by the workman which could begin before the work in Pennsylvania was started, or which could continue after that work was finished or which could require the claimant's presence at any point except where that work was conducted. Thus the claimant's work was not an incident of any employment other than an employment to work at Scranton, Penn., and no case cited in the prevailing opinion applies.

The order of the Appellate Division should be affirmed, with costs.

POUND, Ch. J., O'BRIEN and HUBBS, JJ., concur with CRANE, J.; LEHMAN, J., dissents in opinion; KELLOGG, J., not sitting.

Ordered accordingly.