JACK H. STACY, PLAINTIFF-RESPONDENT, v. DAVID
GREENBERG AND CHARLES MELTZER, DEFENDANTS-
APPELLANTS.

ALVIN WOLFF, PLAINTIFF-RESPONDENT, v. DAVID
GREENBERG AND CHARLES MELTZER, DEFEND-
ANTS-APPELLANTS.

Argued April 21, 1952—Decided May 12, 1952.

392

*Mr. George F. Lahey* argued the cause for appellants (*Messrs. Lahey and Gockeler,* attorneys).

*Mr. Joseph Weintraub* argued the cause for respondents (*Messrs. McGlynn, Weintraub & Stein,* attorneys).

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J.   The question here is whether New York residents employed by a New York corporation under contracts of employment entered into in New York who sustained injuries in an automobile accident in

this State while returning to New York City from a work assignment in Pennsylvania, and who are entitled to benefits for such injuries under the New York Compensation Law (*McK. Consol. Laws of New York, c.* 67), may maintain common law actions in negligence in our Superior Court, Law Division, against the corporation president who owned, and the corporation sales manager who operated the automobile in which they were passengers.

Plaintiffs brought separate actions. The Law Division entered a like interlocutory order in each suit, upon motion of each plaintiff, striking a separate defense which interposed as a bar to the maintenance of the suit subdivision 6 of section 29 of the New York act precluding any action by an employee covered by the act for injuries sustained in the course of his employment against "another in the same employ" based upon such other's negligence or wrong. Each order also denied defendants' counter-motion for summary judgment.

The Appellate Division granted leave to appeal pursuant to *Rule* 4:2–2(*b*) and we have certified the appeals of our own motion.

Marlene Blouse Corporation was a New York corporation having its place of business in New York City. Plaintiffs, Stacy and Wolff, were employed by the corporation under contracts of employment entered into in New York. Defendant Meltzer was president of the corporation, and defendant Greenberg was its sales manager. Meltzer drove the group in his Cadillac automobile (maintained, however, at the expense of the corporation) from New York City to Nazareth, Pennsylvania, on the company's business. He did not accompany the group on the return trip, but at his request Greenberg drove the car back with plaintiffs as passengers. The mishap occurred *en route* back to New York City on September 10, 1949. Stacy and Wolff each brought suit by complaint filed February 6, 1950, in the Superior Court, Law Division, against Greenberg as operator and Meltzer as owner of the Cadillac to recover for the injuries sustained.

Meltzer's alleged liability is predicated solely upon the allegation that Greenberg was driving the automobile "as agent and servant" of Meltzer and that Greenberg's negligence is therefore "chargeable to" Meltzer.

The separate defense in each case, supported by an affidavit of Meltzer, alleges that Marlene Blouse Corporation "provided for compensation to be paid to the plaintiff in accordance with the terms of the said [New York] Act." This is not denied by plaintiffs' affidavits and may be taken as admitted. Plaintiffs admit that Marlene Blouse Corporation has paid all of plaintiffs' medical and hospital bills and full salary until the week ending November 5, 1949, and partial up to and including March 4, 1950, but each states that the payments "were not made nor accepted by me as compensation benefits under the New York statute" but "solely as a gesture by an employer to an employee with the understanding" "to pay the moneys out of any recovery" obtained. Neither plaintiff has made a claim for compensation under the New York statute.

If controlling effect be given to the Workmen's Compensation Law of New York, a question discussed hereinafter, and Greenberg was a person "not in the same employ" with plaintiffs at the time of the accident, subsection 1 of section 29 of that law permits plaintiffs to maintain the instant actions subject to specified liens upon any recovery. The actions were brought within the times limited by that subsection. And they are maintainable even if the payments admittedly received by plaintiffs were taken as compensation and medical benefits under the New York act. The subsection expressly authorizes timely actions based upon "the negligence or wrong of another not in the same employ," though the injured employee "may take such compensation and medical benefits." If, however, Greenberg was another "in the same employ" with plaintiffs when the mishap occurred, subsection 6 of section 29 of the act, if given effect by our courts, precludes plaintiffs from maintaining the instant suits against the defendants.

Well established principles of comity require that our courts give full effect to the New York statute upon the facts presented here. The New York statute became an integral part of plaintiffs' employment contracts when those contracts were entered into in New York. *Post v. Burger & Gohlke*, 216 *N. Y.* 544, 111 *N. E.* 351 (*Ct. App.* 1916). It is the incorporation of the terms of the New York Workmen's Compensation Law into his contract of employment entered into in that state which entitles the employee who sustains injuries outside of New York in the course of doing work incident to his New York employment to benefits under the New York law. *Smith v. Aerovane Utilities Corp.*, 259 *N. Y.* 126, 181 *N. E.* 72 (*Ct. App.* 1932); *Leary v. M. J. Daley & Co.*, 261 *N. Y.* 552, 185 *N. E.* 734 (*Ct. App.* 1933); *Klein v. Pepe*, 99 *N. Y. S. 2d* 794 (*Sup. Ct.* 1950); *cf. Cameron v. Ellis Construction Co.*, 252 *N. Y.* 394, 169 *N. E.* 622 (*Ct. App.* 1930), *remittitur* amended 253 *N. Y.* 559, 171 *N. E.* 782 (*Ct. App.* 1930); *Zeltoski v. Osborne Drilling Corp.*, 264 *N. Y.* 496, 191 *N. E.* 532 (*Ct. App.* 1934). We give similar effect to our own statute as to hirings entered into in this state. *Gotkin v. Weinberg*, 2 *N. J.* 305 (1949).

The New York and New Jersey statutes differ as to the extent to which the statutory remedy is an exclusive remedy. Section 11 of the New York act makes the liability of the employer to pay compensation "exclusive and in place of any other liability whatsoever, to such employee * * * at common law or otherwise on account of such injury" unless the employer fails to secure the payment of compensation for his injured employee. And subsection 6 of section 29 provides: "The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ." The New York Court of Appeals has held that section 11 and subsection 6 of section 29 are both "evidence of the legislative intent to make compensation the comprehensive and exclusive remedy for such injury" both as

to the employer and "the employing organization." *Williams v. Hartshorn,* 296 *N. Y.* 49, 69 *N. E.* 2d 557 (*Ct. App.* 1946). New Jersey makes the statutory remedy exclusive as against the employer. *Gotkin v. Weinberg, supra.* However, the bringing of an action in negligence against a fellow servant causing the injury is not precluded. *Churchill v. Stephens,* 91 *N. J. L.* 195 (*E. & A.* 1917).

That New Jersey permits and New York denies a right of action to an injured employee against a fellow servant whose negligence or wrong occasions his injury, is no reason for our courts refusing to give controlling effect to the New York statute upon the facts presented here. Plaintiffs are not entitled to compensation under our Workmen's Compensation Act for the injuries suffered in the mishap. They were not in New Jersey upon a work assignment to be performed in this State. Their presence here, though in the course of and incident to their New York employment, was merely as transients *en route* back to New York City after completion of a work assignment in Pennsylvania connected with their primary New York employment. Their contact with our State was purely casual and not in the performance of their employment contracts within the reach of our decisions which imply our statute into a foreign contract of hiring to be performed in this State. *American Radiator Co. v. Rogge,* 86 *N. J. L.* 436 (*Sup. Ct.* 1914), affirmed 87 *N. J. L.* 314 (*E. & A.* 1915), error dismissed 245 *U. S.* 630, 62 *L. Ed.* 520 (1917).

The cases thus do not present the complex problem of the application of conflicting workmen's compensations acts to an accident with which two or more states may have some legitimate concern, nor involve the necessity of our determining the extent of the authority of New Jersey to legislate for the bodily safety and economic protection of employees injured within its borders. See *Pacific Employers Insurance Co. v. Industrial Accident Commission,* 306 *U. S.* 493, 83 *L. Ed.* 940 (1939) and *Alaska Packers Association v. Industrial Accident Commission,* 294 *U. S.* 532, 79 *L. Ed.* 1044 (1935).

Nothing is presented in this situation which is obnoxious to the public policy of New Jersey. Recognition of the limitations upon plaintiffs' rights of suit against fellow servants imposed by the New York statute can in no wise be prejudicial to the interests of our State. By making the New York statute the applicable law in the instant cases we merely recognize that by their conduct plaintiffs have subjected themselves to certain restrictions upon their rights to pursue remedies against their fellow servants incorporated by the New York law into their contracts of employment. These are substantial provisions of such contracts and create in employers and fellow employees rights of immunity from suit, and should be enforced by us when not contrary to our public policy "* * * where the laws of a foreign state do not conflict with the public policy of this state it is our duty to recognize and enforce the laws of said state." *Zurich Accident, etc., Co. v. Ackerman Bros., Inc.,* 124 *N. J. L.* 187 (*E. & A.* 1940).

Our conclusion makes unnecessary a determination whether, as urged by defendants, we are required by *Article IV, Section I* of the Federal Constitution to give effect to section 29 of the New York law. The United States Supreme Court, in *Bradford Electric Light Co. v. Clapper,* 286 *U. S.* 145, 161–162, 76 *L. Ed.* 1026, 1036–1037 (1932), held that the command of the full faith and credit clause obliged recognition by New Hampshire of the immunity of an employer to liability for negligence under the Vermont compensation law when it appeared that New Hampshire's interest was lacking or slight as compared with the interest of Vermont and no public policy of New Hampshire could be said to be contravened by applying the Vermont law. If this holding was limited by the later decisions in *Pacific Employers Insurance Co. v. Industrial Accident Commission, supra,* and *Alaska Packers Association v. Industrial Accident Commission, supra,* the *Restatement, Conflict of Laws, sec.* 401, *comment* (*b*), as amended in the 1948 *Supplement,* is authority that the decisions are reconcilable. The comment is:

"If the Compensation Act of the State where the contract of employment is made abolishes the common law or statutory right of action either as a result of the fact that the employment was entered into in that State or by reason of the election of the parties to come within the operation of that Act, no action can be maintained in any State irrespective of where the workman was injured or killed unless the State where the wrong occurred has declared the Act obnoxious to its policy of permitting recovery for the protection of the interests of persons living in the State. This result is required as between States of the United States under the full faith and credit clause of the Constitution."

It should be noted also that if the full faith and credit clause is not self-executing (but see *Mr. Justice Jackson's* article, *Full Faith and Credit—The Lawyer's Clause of the Constitution,* 45 *Colum. L. Rev.* 1, *January,* 1945), the Congress amended the 1790 act (*Act of May 26,* 1790, 1 *Stat.* 122) by *Act of June 25,* 1948, c. 646, 62 *Stat.* 947, 28 *U. S. C. A.* § 1738, expressly to follow the language of *Article IV, Section I,* to provide that *"such acts,* records and judicial proceedings * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken."* The amendment followed the decisions in the *Pacific Employers Insurance Company* and the *Alaska Packers* cases, in each of which express reference was made to the fact that the Congress had at such times not prescribed the extrastate effect of the statutes. And see *Hughes v. Fetter,* 341 *U. S.* 609, 95 *L. Ed.* 1212 (1951).

▮ It follows that the Law Division erred in striking the separate defense in each answer. If defendant Greenberg was "another in the same employ" at the time of the mishap within the meaning of that subsection, plaintiffs had no cause of action against him, or, on the theory of *respondeat superior,* against Meltzer. On the other hand, plaintiffs may maintain their suits by force of subsection 1 of section 29 of the act if Greenberg at the time was "another not in the same employ." Plaintiffs and Greenberg were not "in the same employ" within the meaning of section 29, subsection 6, merely because they had a common employer. "To make

400

section 29 applicable at all, plaintiff must have sustained an injury in the course of employment, and to be immune from suit a coemployee causing the injuries must be 'in the same employ,' namely, in the course of employment by the same employer," *D'Agostino v. Wagenaar,* 183 *N. Y. Misc.* 184, 48 *N. Y. S. 2d* 410 (*Sup. Ct.* 1944), affirmed 268 *App. Div.* 912, 51 *N. Y. S. 2d* 756 (*App. Div.* 1944), motion for leave to appeal denied 268 *App. Div.* 986, 52 *N. Y. S. 2d* 784 (*App. Div.* 1944), motion for leave to appeal denied 294 *N. Y.* 640, 58 *N. E. 2d* 522 (*Ct. App.* 1945); *City of New York v. Fusco,* 170 *N. Y. Misc.* 564, 9 *N. Y. S. 2d* 911 (*City Ct. of N. Y.* 1939); *Philips v. D'Angelo,* 37 *N. Y. S. 2d* 108 (*City Ct. of N. Y.* 1942). Both plaintiffs and defendants agree, in the words of plaintiffs' brief, that "Since the employees were sent to Pennsylvania on company business, they remained in the course of their employment, insofar as compensation benefits are concerned, until they returned to New York * * *." *Cf. Callahan v. State,* 107 *N. Y. S. 2d* 319 (*Ct. Claims* 1951). In *Klein v. Pepe, supra,* the New York court dismissed an action in negligence by a partnership employee against a co-partner for injuries sustained when the automobile driven by the co-partner with the employee as a passenger was in an accident on Route 28 in Warren County in this State, as the co-partner and the employee were returning to New York City from Sweet Valley, Pennsylvania, where they had gone on the business of the partnership. The court ruled that it had no jurisdiction of the subject matter, it appearing that an award made to the employee under the New York Workmen's Compensation Law had established that his injury was sustained in the course of his employment.

A disputed question of fact was presented by the opposing affidavits, however, whether Greenberg was driving the car merely for the accommodation of Meltzer individually to return the car to New York, and thus not in the course of his employment as sales manager of Marlene Blouse Corporation, as suggested in Plaintiff Stacy's affidavit, or

was driving it pursuant to instructions by Meltzer as president of Marlene Blouse Corporation and, as said in Meltzer's affidavit, "performing a service solely for the Blouse Corporation and was at all times engaged in the course of his employment solely as an employee of Marlene Blouse Corporation." The denial of defendant's motion for summary judgment was therefore proper, as under *Rule* 3:56–3 summary judgment cannot be rendered unless the pleadings together with the affidavits show palpably that there is no genuine issue as to any material fact.

The provision of each order granting plaintiff's motion to strike defendants' separate defense is reversed, and the provision of such order denying defendants' motion for summary judgment is affirmed. No costs to either party.

*For affirmance in part and reversal in part*—Chief Justice Vanderbilt, and Justices Heher, Oliphant, Burling, Jacobs and Brennan—6.

*For affirmance in toto*—Justice Wachenfeld—1.