In the Matter of the Claim of DANIEL CAMERON, Respondent, against ELLIS CONSTRUCTION COMPANY et al., Appellants, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

(Argued October 2, 1929; decided January 7, 1930.)

*Francis J. MacIntyre* and *John V. Downey* for Employers' Mutual Insurance Company, appellant. The Workmen's Compensation Law of this State is not applicable to this case and the Industrial Board did not have jurisdiction to make the award. (*Smith* v. *Heine Boiler Co.*, 224 N. Y. 9; *Gardner* v. *Horseheads Constr. Co.*, 171 App. Div. 66; *Thompson* v. *Foundation Co.*, 188 App. Div. 506; *Perlis* v. *Lederer*, 189 App. Div. 425; *Donohue* v. *Robertson Co.*, 205 App. Div. 176; *Pritchard* v. *Norton Bros.*, 217 App. Div. 711; *Day* v. *McClintic-Marshall*, 215 App. Div. 733; *Klein* v. *Stoller & Cook Co.*, 220 N. Y. 670; *Fitzpatrick* v. *Blackall & Baldwin Co.*, 220 N. Y. 671.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for the State Industrial Board, respondent. An award was properly made against the employer and insurance carrier although the accident occurred in Canada. (*Gardner* v. *Horseheads Constr. Co.*, 171 App. Div. 66; *Hospers* v. *Smith Co.*, 230 N. Y. 616; *Anderson* v. *Jarrett-Chambers Co., Inc.*, 242 N. Y. 580; *Ayers* v. *Dunn Pen & Pencil Co.*, 244 N. Y. 557.)

*John H. Broderick* and *Thomas H. Guy* for United States Fidelity and Guaranty Company, respondent.

LEHMAN, J.   The claimant, a resident of Canada, was injured while operating a gasoline engine at a sand pit situated at Dundee in the Dominion of Canada, near the boundary of the State of New York.   Immediately across the boundary and within the State of New York, the employer, a Massachusetts corporation, was constructing a road.   It operated the sand pit in Canada solely for the purpose of obtaining sand and gravel used in the road construction of New York.   The claimant's injuries arose out of and in the course of his employment.   Though

employed only for work at the sand pit in Canada, his work was incidental to a hazardous industrial enterprise conducted by the employer in the State of New York. On that ground, the Industrial Board has made an award of compensation, under the Workmen's Compensation Law of this State (Cons. Laws, ch. 67), for injuries received in Canada by a Canadian resident while employed by a Massachusetts corporation to perform services solely within the territorial limits of Canada.

Nowhere in the Workmen's Compensation Law is there an explicit definition of its territorial scope. Every employer subject to its provisions must "secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment." (§ 10.) In the language of the statute, read in the light of its humane purpose, this court has found the implication that it intends that "in every case of employment there is a constructive contract between the employer and employee, general in its terms and unlimited as to territory, that the employer shall pay as provided by the act for a disability or the death of the employee as therein stated." (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.) The relations of employer and employee arise by agreement. The Workmen's Compensation Law regulates these relations from the time the employment begins. Obligations and rights under the statute are not elective. They rest upon the command of the State and not upon agreement of the parties. The concept of a "constructive contract" to assume obligations which are created by law is open to criticism. (*Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9, and authorities there cited.) Even if, in a sense, it is only a fiction, it points the way to the principle that the obligations created by the Workmen's Compensation Law are an integral part of the relations of employer and employee, and are coterminous with the employment regulated by the State. Obligation to pay

or provide compensation for injury arising out of and in the course of an employment which is regulated by the Workmen's Compensation Law, is imposed by the statute. The problem presented here is whether the State has undertaken to regulate the claimant's employment at a fixed place in Canada.

Nothing in the statute suggests that the State of New York has attempted to stretch forth its arm to draw within the scope of its own regulations the relations of employer and employee in work conducted beyond its borders. Hazardous employment here is regulated by the Workmen's Compensation Law; hazardous employment elsewhere, though connected with a business conducted here, does not come within its scope. Even where the contract of employment is made within the State, we have said that the State " does not attempt to regulate the duty of foreign employers in the conduct of their business within foreign jurisdictions." (*Matter of Smith* v. *Heine Boiler Co.*, *supra.*) There we were dealing, as in this case, with a foreign employer. The principle is not, however, limited to foreign employers. The statute imposes upon every employer, foreign or domestic, the duty to secure to his workmen compensation for injuries, wherever sustained, arising out of and in the course of employment located here. Absence of a workman from the State in the course of such employment does not interrupt that duty where the duty has been imposed upon the employer under the statute. It has not been imposed upon the employer in connection with employment located outside the State. The test in all cases is the place where the employment is located.

When the course of employment requires the workman to perform work beyond the borders of the State, a close question may at times be presented as to whether the employment itself is located here. Determination of that question may at times depend upon the relative weight to be given under all the circumstances to opposing

considerations. The facts in each case, rather than juristic concepts, will govern such determination. Occasional transitory work beyond the State may reasonably be said to be work performed in the course of employment here; employment confined to work at a fixed place in another State is not employment within the State, for this State is concerned only remotely, if at all, with the conditions of such employment. Such illustrations may indicate the manner in which the test should be applied; we do not now attempt a more definite classification intended to cover all the varying circumstances that may enter into the question in other cases.

Here it seems to us quite evident that the claimant was not employed in New York. His employment required him to work only at a fixed place in Canada. In the previous year the claimant had been employed to do the same work in the same sand pit when that pit was operated by another employer for another purpose. Then the operation of the sand pit was subject exclusively to the police power of the jurisdiction where the sand pit was located. Even if we should assume that the State of New York by the exercise of its own police power may impose conditions upon the operation of the sand pit in a foreign jurisdiction where such operation is an incident of an industrial enterprise located here, we must still conclude that there is nothing in the statute to indicate that the State intended to do so. Where a workman employed in work here is called upon, in the course of his employment, to perform transitory work outside of this State, the employment as a whole remains an employment here. It is otherwise when the workman is employed to work at a fixed place or places outside the State.

In a number of cases this court has sustained awards for injuries received outside the State by a workman employed in a business conducted here. (*Matter of Post* v. *Burger & Gohlke, supra; Matter of Spratt* v. *Sweeney & *

*Gray Co.,* 216 N. Y. 763; *Matter of Valentine* v. *Smith, Angevine & Co.,* 216 N. Y. 763; *Matter of Klein* v. *Stoller & Cook Co.,* 220 N. Y. 670; *Matter of Fitzpatrick* v. *Blackall & Baldwin Co.,* 220 N. Y. 671; *Matter of Hospers* v. *Smith Co.,* 230 N. Y. 616; *Matter of Anderson* v. *Jarrett-Chambers Co.,* 242 N. Y. 580; *Matter of Ayers* v. *Dunn Pen & Pencil Co.,* 244 N. Y. 557.)

In most of these cases it is clear that the decision is in strict accordance with what we have said in this opinion (*e. g., Matter of Post* v. *Burger & Gohlke, supra; Matter of Hospers* v. *Smith Co., supra; Matter of Ayers* v. *Dunn Pen & Pencil Co., supra*); in none did the court intend to apply any test at variance with the principle that the Workmen's Compensation Law applies only to employment within the State, and that award of compensation may be made for injuries sustained outside the State only where those injuries arise out of and in the course of employment which is located here. In defining, by the process of inclusion and exclusion, the scope of novel legislation, the courts must at first be guided by abstract reasoning and anticipation of probable consequences. Experience may at times demonstrate initial error. Then the error should not be perpetuated by strict adherence to earlier precedents. To the extent that the decisions in such cases as *Matter of Anderson* v. *Jarrett-Chambers Co.* (*supra*) may, on the reported facts, seem at variance with the principle that an award may not be made for injuries received in the course of employment at a fixed place outside the State, the cases must be regarded as precedents of doubtful validity.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, with costs against the State Industrial Board in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.