In the Matter of the Claim of MARY P. BAUM and Another, Respondents, against NEW YORK AIR TERMINALS, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Walter L. Glenney,* for the claimants, respondents.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

HINMAN, Acting P. J. The point in controversy is whether the claimants are entitled to compensation under the Workmen's Com-

pensation Law of this State or must apply in New Jersey under the laws of that State. It is undisputed that the deceased workman had not previously worked for this employer and never did any work for this employer within the State of New York, but that, from the date of his hiring in March until his death by drowning in New Jersey during the course of his employment in April, he had worked exclusively in the latter State on a single undertaking of his employer, the construction of a flying field costing about $2,000,000 and taking about two years to complete. At the time of the accident the business of the employer was the construction of airports in the vicinity of New York city and it was constructing two flying fields, one in New York State and the other in New Jersey where the deceased had been working exclusively. There is no proof that his employment comprehended further work for this employer by the deceased in this or any other State. Such a finding would be based on mere speculation. The employer's construction job in New Jersey was obviously one which was independent of and separate from the one in New York. It is true that the deceased was a resident of New York State and that the employer, a Delaware corporation, had its principal office in New York city. There is hearsay evidence tending to indicate that the contract of employment was entered into in the State of New York, which, however, is disputed by competent proof to the contrary. The finding of the Board that " the contract of hire between the employer and the deceased herein was entered into in the State of New York " has no competent evidence to sustain it. It is conceded by the appellants, however, that this finding is immaterial. The decision in *Matter of Cameron* v. *Ellis Construction Co.* (252 N. Y. 394) is determinative of this controversy. That is the last word of the Court of Appeals on the question of extraterritorial application of our Workmen's Compensation Law, in which that court said: " Employment confined to work at a fixed place in another State is not employment within the State "—" Hazardous employment elsewhere, though connected with a business conducted here, does not come within its scope "—" The test in all cases is the place where the employment is located." In that case the work for which the employee was hired was digging in a sandpit in Canada, a fixed place of work. The holding was that the location of the employment was outside the State, even though the sand digging was an incident to road construction carried on by the same employer in the State of New York. In the present case the deceased was hired to work at a fixed place in the State of New Jersey on a big construction operation costing in the neighborhood of $2,000,000 and

requiring about two years for its accomplishment. There is no proof that he was in the general employ of this employer. Such proof as appears is to the contrary, namely, that he was associated with this employer solely in relation to this single operation.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.