In the Matter of the Claim of VASILIKI ANTONION AMAXIS, Respondent, against N. A. VASSILAROS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1931.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*John F. Hughes,* for the claimant, respondent.

HILL, J. This appeal involves the liability of the employer and carrier on a death claim resulting from injury received while decedent was engaged temporarily in extraterritorial work at Perth Amboy, N. J., where the employer had a contract to paint the inside steel work of an industrial plant. The employer paid for decedent's transportation from New York and for his room in Perth Amboy. The time required to complete the contract was not shown. The employer, a New York corporation, is a painting contractor, with its principal place of business in the city of New York where the decedent lived. He had worked for the same employer prior to beginning the Perth Amboy work. The employer's foreman says, concerning the continuity of the employment: " He used to work with them several times. He used to work always, a steady man. * * * The men who finished the job always came back to New York; usually they don't get right away the job; a new job may come up only after two weeks and sometimes after two months." He had so worked a year and a half for this employer. Within a few months previous to the injury from which decedent died, he had been employed on two contracts within the State of New York. His contract of employment was made in New York. The only plant which work of this kind would require would be storage room for ladders, staging material, paint, brushes, tools and the like. The record is silent as to the place where such equipment was kept, except that all work was conducted from the New York headquarters. Conditions here are similar to those where a plumbing, mason or building contractor, with headquarters in New York, sends a New York resident to New Jersey temporarily to do the plumbing, erect the foundation or construct the wooden superstructure of a dwelling; the work in New Jersey being temporary and incidental to the contracting business in New York.

The rule to be applied in coverage cases involving extraterritorial work has been restated recently. (*Matter of Cameron* v. *Ellis Construction Co.,* 252 N. Y. 394.) There compensation was denied a Canadian resident who had been employed at his home by a Massachusetts corporation to work in a Canadian gravel pit. The only connection with New York was that the gravel was used on a road contract here. " When the course of employment requires

the workman to perform work beyond the borders of the State, a close question may at times be presented as to whether the employment itself is located here. Determination of that question may at times depend upon the relative weight to be given under all the circumstances to opposing considerations. The facts in each case, rather than juristic concepts, will govern such determination." (*Matter of Cameron* v. *Ellis Construction Co., supra,* 397.)

This employer, incorporated under the laws of New York, its headquarters located here and its work directed from here, is subject to the Workmen's Compensation Law in this case where it employed a New York State resident to engage in transitory work, such employee, at the completion of each separate job, returning to New York to await another assignment.

The award should be affirmed, with costs to the State Industrial Board.

All concur, except VAN KIRK, P. J., who dissents, with a memorandum in which HINMAN, J., concurs.

VAN KIRK, P. J. (dissenting). The employment in this case was confined to work at a fixed place in another State. Claimant's work may not be considered to be occasional transitory work. He had been employed on other work in various places by the employer but at no time as a steady, continuous employee. His hiring was a separate hiring for each separate piece of work at a fixed place. When such work was completed his employment ceased and he returned to his home.

The award should be reversed and the claim dismissed. (*Matter of Cameron* v. *Ellis Construction Co.,* 252 N. Y. 394; *Matter of Copeland* v. *Foundation Co.,* 256 id. ——.)

HINMAN, J., concurs.

Award affirmed, with costs to the State Industrial Board.