## (January 17, 1940.)

In the Matter of the Claim of THORLIEF R. JENSEN, Respondent, against BOUDIN CONTRACTING CORP. and STATE INSURANCE FUND, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

This is an appeal by the employer and State Insurance Fund from an award and decision of the State Industrial Board made in favor of the claimant.

Claimant was working for a New York corporation. He was hired by such corporation at the New York office and worked on a job in the Virgin Islands as a carpenter. The company had no work in the State of New York at the time and the claimant had not been working for the company since May, 1936, a period of over one year and seven months. No premiums were taken by the State Insurance Fund for any employees in the Virgin Islands. The alleged employment of the claimant at the time of his accident was located at a fixed place outside the State of New York and the accidental injuries sustained were not covered by the State Insurance Fund's policy under the Workmen's Compensation Law. (*Matter of Copeland* v. *Foundation Company,* 256 N. Y. 568; *Matter of Cameron* v. *Ellis Construction Co.,* 252 id. 394; *Matter of Amaxis* v. *Vassilaros, Inc.,* 232 App. Div. 397; revd., 258 N. Y. 544.)

Award reversed and claim dismissed on the authority of *Matter of Copeland* v. *Foundation Company* (256 N. Y. 568); *Matter of Cameron* v. *Ellis Construction Co.* (252 id. 394); *Matter of Amaxis* v. *Vassilaros, Inc.* (232 App. Div. 397; revd., 258 N. Y. 544).

Hill, P. J., Crapser, Bliss and Foster, JJ., concur; Heffernan, J., dissents, and votes to affirm the award, with a memorandum.

HEFFERNAN, J. (dissenting). I dissent and vote to affirm the award. The employer was engaged as a general contractor with its principal office located in the State of New York. Its operations extended, however, throughout the United States and elsewhere. Claimant, a resident of this State, was hired by the employer in New York city to work as a carpenter in the Virgin Islands where the employer

had a construction contract, the operations on which were directed and supervised from the New York office and from which office a substantial part of the material used in the performance of the contract was supplied. The employer provided workmen's compensation insurance on contracts outside the State of New York, including coverage in the Virgin Islands. The Virgin Islands have no Workmen's Compensation Law. The employer paid claimant's transportation to the place of employment and other incidental expenses. While in the performance of his duties claimant was injured and he returned to New York in order to obtain medical attention. The expense of the return trip was defrayed by the employer.

It seems to me that the question is not even debatable that the employment of the claimant was in New York, and that the work done by him in the Virgin Islands was incidental to his employment and incidental to the principal business of his employer.

The decision of the majority holding otherwise does violence both to the spirit and the intent of the Workmen's Compensation Law. True it is that there are some loose dicta in the books which give color to the majority view but no well-considered case either in this court or in the Court of Appeals sustains it.