Bergan, J.
The claimant, a resident of New Jersey, was employed as a traveling salesman for a New York employer in the food products business. His territory was entirely outside of New York. Injured in an automobile accident in Virginia, December 17, 1948, in the course of his employment, he filed a claim for compensation with the Virginia Industrial Commission.
An agreement between the employer and claimant was made and approved in accordance with the Virginia compensation practice and an award made, and amounts paid in pursuance of it were received by claimant. Claimant, however, also filed a claim for the same accident with the New York Workmen’s Compensation Board. That board accepted jurisdiction and made an award.
Two questions conjoin in this appeal: (a) whether the Workmen’s Compensation Board had before it a case in which it could have taken jurisdiction under New York law; (b) assuming its jurisdiction in the case, whether it was bound to treat *593 the Virginia proceedings as an adjudication binding upon it, and affording claimant all the remedy by way of workmen’s compensation benefits to which he may be entitled. Upon both counts we determine to sustain the award.
Claimant’s territory consisted of the States of Virginia, West Virginia and a part of Maryland. His employer had one of its main offices in Hew York where claimant was hired. He did not come to Hew York physically in the course of employment, but he reported his orders to and received instructions from that office, and was paid from there.
The employment, therefore, is deemed a Hew York employment. The public policy on this subject was largely fashioned in Matter of Cameron v. Ellis Constr. Co. (252 N. Y. 394), in an opinion by Lehmak, J., which treated ‘ ‘ transitory work beyond the State ” as covered; “ employment confined to work at a fixed place ” as not covered (p. 398). In following this language, what was “ transitory ” was taken quite literally. It was related to the physical movement, in a geographic sense, involved in the work itself, rather than to the continuity in time of the work in the other State or here.
Given employment in Hew York and control from Hew York, the test is the mobility of the employee, i.e., whether his work is at a “ fixed place ” or is ambulatory. Thus, as the law has developed since Matter of Cameron v. Ellis Constr. Co. (supra), the man working as a painter in Hew Jersey and even the policeman working as a guard in an industrial plant in Pennsylvania were regarded as too immobile to be treated as employed in Hew York; while on the other hand, although conditions of hiring, payment and general control were much the same, the salesman, the air pilot, the roving painter, who had no “ fixed place ” to work, in the sense they stayed in one small location, were regarded as continuing the Hew York identity of employment and accidents to them within the jurisdiction of - the Hew York board. There can be little doubt that this case meets, at least, the uniformly applied test.
The differentiation in these holdings and the divergent currents of opinion are easily demonstrated. The following decisions hold that employment was outside Hew York and that the board had no jurisdiction: Matter of Bagdalik v. Flexlume Corp. (281 N. Y. 858), where a New York employer hired a man in Chicago to fix a sign there; Matter of Amaxis v. Vassilaros, Inc. (258 N. Y. 544), where a painter was hired in New York to work in New Jersey; Matter of Zeltoski v. Osborne Drilling Corp. *594 (264 N. Y. 496), where claimant was hired in New York to make test borings in Tennessee; Matter of Copeland v. Foundation Co. (256 N. Y. 568), where a policeman was hired in New York by a New York employer to work in Pennsylvania. (Cf. Matter of Sehlmeyer v. Brewster Aeronautical Corp., 271 App. Div. 853.)
But the salesman resident of North Carolina, with a territory in Virginia, hired and instructed from New York, was held to be in a New York employment (Matter of Wagoner v. Brown Mfg. Co., 274 N. Y. 593), as were the salesmen whose territories under similar conditions were in Pennsylvania (Matter of Roth v. Horn Co., 287 N. Y. 545) and in Georgia (Matter of Flinn v. Remington Rand, 277 N. Y. 641); and the pilot flying from Massachusetts to New Jersey (Matter of Tallman v. Colonial Air Transport, 259 N. Y. 512).
The painter who worked on “ bridges ” in out-of-State locations and who was paid the New York wage scale and given expense money to return week ends to New York, was held to be within the jurisdiction of the New York board (Matter of Vatouios v. Markakis, 298 N. Y. 733). There the distinguishing element of geographic mobility in the work was shown to exist.
As it has been seen, claimant himself invoked the jurisdiction of the Virginia Industrial Commission. The command of the United States Constitution (art. IV, § 1) that New York must give full faith and credit to the public acts, records, and judicial proceedings of Virginia requires that the scope and the finality of the Virginia compensation record be examined here to see whether it has the effect of a binding adjudication.
The record before us on this branch of the case is meagre. It consists of a letter of August 1, 1949, to the appellant carrier from the Industrial Commission of Virginia which recites that upon a written agreement “ filed with and approved by the Virginia Commission ”, compensation benefits were awarded and paid, but that claimant had the right to make further claim before January 10, 1950, and if he did not the claim would expire. '•
At this time, as the letter indicates, the present claim 'was pending before the New York board. If the predicted expiration of the claim occurred, the Virginia ■ proceeding did not become final until well after the decisions appealed from were made in New York, on May 10th and September 28th, respectively, in 1949.
The ultimate test of res judicata from one State to another is the intramural effect of the adjudication in the State that makes *595 it. If the decision of the compensation authority is in such shape that the courts of that State would regard it as conclusive upon them, the courts of other States must bow to the same necessity.
This is the perfectly clear effect of the reasoning of Chief Justice Stone, in Magnolia Petroleum Co. v. Hunt (320 U. S. 430, 442, 443). Claimant was a resident of and employed in Louisiana, and was injured in Texas. He signed an application for compensation under the Texas compensation act and the carrier began to pay compensation.
Believing he could obtain better results in his own State, claimant notified the carrier of an intention to file a claim in Louisiana, whereupon the carrier stopped payments. The Texas board notified the claimant of a hearing at which the liability of the carrier would be determined.
Claimant did not participate in the hearing; an award was made which was, by the law of Texas, the equivalent of a judgment against the insurer. (For statement of facts, see dissenting opinion of Mr. Justice Black, pp. 450-451). The court held that Louisiana was bound fully by the Texas award and must accord full faith and credit to it.
But while it was plainly determined there that the test of res judicata was the finality with which the State making the award treated it, the court in Industrial Comm. of Wis. v. McCartin (330 U. S. 622) applied a new and quite different test, i e., that the statute creating the compensation remedy and relief must be so exclusive that it is “designed to preclude any recovery by proceedings brought in another state ”, and this purpose, too, must appear by the “ unmistakable language ” of the State Legislature (see opinion of Mr. Justice Murphy, pp. 627, 628).
There was a reservation in the settlement made and approved in Hlinois, where the first proceeding had resulted in an award, to save any rights the claimant might have in Wisconsin (p. 628) and this was a part of the court’s reason for its decision as announced by Mr. Justice Murphy (p. 629). The case is not, therefore, a completely safe guide on the question of res judicata.
We are not advised by the appellants of the effect of the award in Virginia under the law of that commonwealth or the extent to. which it would have been binding on the courts of Virginia when the New York award was made.
We assume from what appears in the record before us that it did not then have the finality of a judgment and did not operate *596 to preclude the New York proceeding. Credit must, of course, be given to the carrier for the awards that were paid in Virginia, but that matter may be adjusted before the New York board.
The decision and award should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.
Decision and award affirmed, with costs to the Workmen’s Compensation Board.