In the Matter of the Claim of ROBERT CRADDUCK, Respondent, against HALLEN COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

BREWSTER, J. The very nature of the business of the employer, the Hallen Company, Inc., called for its work performance at definitely fixed locations within and without the State of New York. Having undertaken a contract for work of that nature, but for which it found its own organization not equipped to perform, it engaged one Lauffenburger to procure and supply the necessary labor force and to supervise and direct it to the completion of the job. Lauffenburger was not in its general employ, but in its arrangement with him the labor force he supplied became, at least *ad hoc,* the employees of the Hallen Company. Among these was claimant, a steel construction workman, a resident of Pennsylvania, who was injured while at work in the construction of a steel storage tank at Hessville, Indiana. He had become an employee of the Hallen Company through a hiring of his labor by Lauffenburger in Pennsylvania. When injured claimant's work was wholly confined to the fixed location of the steel tank then under construction in Indiana. No feature of his employment pertained to anything else. It bore no other relation to his employer's business either directly or incidentally. It involved no other duties and was subject to no supervision or control except as exercised by or through Lauffenburger in that particular kind of work wherein he met with injury. His employment was peculiar in origin and arrangement and special and single in objective. The project wherein he thus labored was not incidental to the Hallen Company's business. Instead it was an integral part thereof which was to form a completed unit of one of its undertakings. I see nothing which may be regarded as geographically mobile in the nature of claimant's employment by the Hallen Company. There is nothing to indicate but what his employment in that unit of the undertaking was to carry through to its completion, and there is no evidence that it was casual, transitory, temporary or ambulatory. That under the aforesaid origin of his employment he had done similar work, at fixed locations in this and other States, or might, but for his injury have, through the agency of Lauffenburger, been continued in that kind of employment — such to my mind does not so affect the basic relevant nature of his employment as to *locate its place* elsewhere than where he was working when injured. (*Matter of Cameron* v. *Ellis Constr. Co.,* 252 N. Y. 394; *Matter of Amaxis* v. *Vassilaros, Inc.,* 258 N. Y. 544; *Matter of Zeltoski* v. *Osborne Drilling Corp.,* 264 N. Y. 496; *Matter of Baduski* v. *Gumpert Co.,* 277 App. Div. 591, and cases cited.)