■ In the Matter of the Claim of JOSEPH GUBNER, Respondent, against MALAN PLUMBING CO. INC. et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a

decision of the Workmen's Compensation Board which held that claimant's employment was within the State of New Jersey and that the board, therefore, did not have jurisdiction of the claim. Claimant, a plumber, worked in New York for the employer appellant for five or six years prior to January 7, 1953, on which date he commenced work at Somerville, New Jersey on a project there for which the employer was the contractor. There was evidence that the foreman on the job in New Jersey asked claimant to come to New Jersey and that the foreman hired claimant there. There was some conflict in the testimony as to how long claimant intended to work in New Jersey, but he did state to the appellant carrier's representative that he would have worked for the duration of the job, estimated at two years, provided the labor union there had no objection. On his fourth day at work he sustained the injury which gave rise to this claim. Claimant was on the employer's New Jersey payroll and was paid on the basis of the local union scale. He was under the supervision of the New Jersey foreman. Deductions for unemployment insurance under the New Jersey law were made from his wages, upon which, also, the employer paid appellant carrier's premium for workmen's compensation insurance covering New Jersey employment. After the accident the appellant carrier made some payments of compensation and authorized certain dental services. For some unexplained reason, the employee's claim for compensation was prepared at employer's New York office upon the New York form and came on for hearing on notice to the appellant carrier. Apparently, the respondent State Insurance Fund, and not the appellant carrier, furnished the employer's coverage in New York but nevertheless no notice was given the Fund until after two hearings had been held, at each of which the appellant carrier attended and, for some reason which does not appear, took the position that the employee was employed at a fixed location in New Jersey, that his job was to last two years, that the employer made him no " concessions " such as " traveling time pay or anything else " and that the claim belonged in New Jersey and the board here had no jurisdiction. At the third hearing, the appellant carrier reversed its position and then for the first time contended, as of course it does here, that the employment situs was in New York. The board's determination to the contrary is supported by substantial evidence. " Occasional transitory work beyond the State may reasonably be said to be work performed in the course of employment here; employment confined to work at a fixed place in another State is not employment within the State, for this State is concerned only remotely, if at all, with the conditions of such employment." (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394.) The respondent State Insurance Fund, while arguing the appeal upon the merits, also contends that the appeal should be dismissed on the authority of *Matter of Van Beck* v. *Allied Cleaning Contrs.* (291 N. Y. 660) which involved a motion for leave to appeal from an order of the Appellate Division affirming the board's decision which held, in a case very similar to this, that the board had no jurisdiction of the claims. The Court of Appeals dismissed the motion on the ground that appellants were not parties aggrieved; since no award had been made against either of them. In this case, we prefer to rest our decision upon the merits. Decision affirmed, with costs to respondent State Insurance Fund. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.