■ In the Matter of the Claim of Barbara Alexander, on Behalf of Herself and Minor Children, Respondent, against United Newspaper Magazine Corporation et al., Appellants. Workmen's Compensation Board, Respondent. — Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits, the sole issue arising upon appellants' contention that decedent was engaged in an out-of-State employment. The employer, a New York corporation with its principal place of business in New York, published a magazine which was distributed by 35 newspapers in various parts of the United States. It maintained in Chicago

one of 7 branch sales offices. Decedent's employment as an advertising space salesman began in 1953. He was a resident of Illinois and was interviewed there by the employer's vice-president and advertising director who, after returning to the New York office, selected decedent from among several applicants and directed the manager of the Chicago office to notify decedent. Thereupon decedent was assigned a territory, comprising parts of Illinois, Iowa and Missouri, in which he was working when his accidental death occurred. In support of the determination that decedent's employment was in New York, the brief of the respondent board cites the line of cases holding that a traveling salesman is deemed to be engaged in a New York employment when his work, being outside the State and of a transitory nature, and not at a fixed place or places, is controlled and directed from New York and, as in some of those cases, his reports and orders transmitted directly to New York. (*Matter of Roth* v. *Horn Co.*, 287 N. Y. 545; *Matter of Flinn* v. *Remington Rand*, 277 N. Y. 641; *Matter of Wagoner* v. *Brown Mfg. Co.*, 274 N. Y. 593; *Matter of Baduski* v. *Gumpert Co.*, 277 App. Div. 591, motion for leave to appeal dismissed 302 N. Y. 702.) It is clear, however, that before the employment need be tested as transitory or as confined to a fixed place or places (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394), it must first be properly found, as the necessary fundament, that direction or direct control was from New York. Thus it was said in the *Baduski* case (*supra*, p. 593), " *Given employment in New York and control from New York,* the test is the mobility of the employee, i.e., whether his work is at a 'fixed place' or is ambulatory." (Emphasis supplied.) More recently we held: " The controlling element * * * *where the hiring and control are in New York* * * * is the physical mobility of the work itself." (Emphasis supplied.) (*Matter of Nashko* v. *Standard Water Proofing Co.*, 3 A D 2d 963, 964.) Such control was found in each of the cases upon which the board relies, but its finding here to the same effect, that is: " Direct control of and all instructions to the decedent * * * were solely within the jurisdiction of the New York office" is not supported by substantial evidence. The only evidence as to employment was adduced from the employer's president, Mr. Covington, and from the manager of its Chicago office, Mr. Bohan. Mr. Bohan testified that the assignment of a territory to decedent " wasn't entirely my decision" but " was discussed with my principals in New York" and was decided " by more or less a mutual discussion between us". Mr. Bohan said, also, that in most instances decedent and he planned decedent's itinerary, and Mr. Covington said that he never did so, although he " may from time to time have suggested or asked him to go call on a particular advertiser". Asked if decedent submitted reports to him, Mr. Bohan said: " We do not have a report system. We usually discussed it in person, and when it was of real importance we would send a memorandum to New York". Mr. Covington testified that decedent was employed to work " in and out of our Chicago office" and that he worked " under" Mr. Bohan. Mr. Covington was asked whether he or some one else supervised decedent's activities and replied that Mr. Bohan did. In response to a question as to the control the Chicago office exercised over decedent, Mr. Covington said: " They had daily operating control over him. They gave him most of his instructions, and conferred with him in his problems. It was only in the case of something unusual which involved the policy of the company that I entered the picture." The board's finding, which we have found unwarranted, is not aided by the conclusory statement that " final supervision" was by the New York office. It may be presumed that ultimate control always exists at the highest level of authority but such control is not, of course, the test. Here the supervision

and control necessary to the performance of the work were exercised by the employer's manager in Illinois and, accordingly, the employment was confined to the territory which he supervised and in which decedent worked. Decision and award reversed and claim remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.