In the Matter of the Claim of LILY M. BEAUCHAMP, Respondent, against McGRAW-HILL PUBLISHING Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 10, 1958.

*Bliss & Bouck (F. Walter Bliss* of counsel), for appellants.

*Lesser & Lesser* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J.   Claimant has had an award for benefits under the Workmen's Compensation Law by reason of her husband's death as the result of an automobile accident.   The employer and its insurance carrier appeal.

Appellants contend, first, that decedent's out-of-State employment was not subject to the Workmen's Compensation Law of New York.

Decedent, a salesman, was hired in New York in 1952 and assigned territory in New York and Michigan. Later he was assigned to a territory in the Midwest and in 1954, the year prior to his death, to four southern and southwestern States.   The employer maintained no office in this latter territory.   From the commencement of his employment decedent was under the direct supervision of the employer's New York office, reported directly to that office, was carried on the payroll there and his salary and expense checks were issued there. The New York office deducted from his earnings for disability benefits under the New York statute and workmen's compensation premiums were calculated on payrolls which included his wages.   His itinerary was customarily submitted in advance to the New York office and approved or modified there.   His superior testified that he was considered to be a New York employee, working out of the New York office.   The employer reported his accidental death to the New York Workmen's Compensation Board, without reservation or qualification, and this long in advance of the filing of claim by his widow.   He was required to come to New York twice yearly for sales meetings and on occasion was sent outside his usual territory for other purposes.   In addition, his employer considered him " in

travel status whenever he was working outside of New York City '' and paid his travel expenses on a per diem basis in one city in his territory and his actual travel expenses elsewhere.

The board properly found that the work was transitory and was not conducted at a fixed place outside New York. (See *Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394; *Matter of Baduski* v. *Gumpert Co.*, 277 App. Div. 591, 593, motion for leave to appeal dismissed 302 N. Y. 702.) The board's conclusion that the employment was located in New York has independent support, however, in the other circumstances above alluded to and need not depend on the finding against employment at a fixed location without the State, since this, while a '' significant consideration '', is not always decisive. (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199, 202.) Many of the test factors suggested in the *Nashko* case are present in this and additional circumstances here support the result. The board's assumption of jurisdiction in cases of traveling salesmen in specifically defined out-of-State territories has been sustained, once control from New York has been shown, in a number of cases. (*Matter of Roth* v. *Horn Co.*, 287 N. Y. 545; *Matter of Flinn* v. *Remington Rand, Inc.*, 277 N. Y. 641; *Matter of Wagoner* v. *Brown Mfg. Co.*, 274 N. Y. 593.) Our decision in *Matter of Alexander* v. *United Newspaper Mag. Corp.* (4 A D 2d 890, affd. 5 N Y 2d 820), cited by appellants, turned on the point that control from New York, abundantly proven here, had not been shown.

We find without merit, also, appellants' additional contention, that decedent's fatal accident occurred while he was on a personal mission and during his vacation, and hence did not arise out of and in the course of the employment. Decedent's vacation had, in fact, commenced but he was on call and, in fact, performed work at Baton Rouge, Louisiana, the day before the accident. More important, however, the board found, upon substantial evidence, that his fatal accident on an Alabama highway occurred while he was on the direct route to New York City to attend a sales meeting, at his employer's direction and expense. The fact that he and his wife commenced this long journey earlier than necessary and with the intention of stopping in Maryland to visit the wife's relatives seems to us immaterial. The extremely long trip from decedent's home in Houston, Texas, to New York City had to be made some time. A similar trip had been made the year before, with a six-day stopover with relatives in Maryland, and the expenses, except for the period of the stopover, were paid by the employer. While the trip, on the direct route to New York, was necessarily

in progress, it was clearly within the employment. The interruption of the journey for the planned visit in Maryland, with a consequent deviation from the employment, had not yet occurred. (See Larson, Workmen's Compensation, § 19.22, pp. 267–268.) Clearly, the work created the necessity for the travel and equally clear is the inference "that the trip would have been made though the private errand had been canceled." (*Matter of Marks* v. *Gray*, 251 N. Y. 90, 93.) That in the latter event the journey might have been commenced at a later date seems of no moment. The identity and length of the route and the duration of the exposure to the hazards of the travel were the same in any case.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.