## (May 16, 1962)

■ In the Matter of the Claim of STUART C. SOLOW, Respondent, v. REGENCY THERMOGRAPHERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an alleged employer and its carrier from decisions of the Workmen's Compensation Board and an award of compensation

for total disability. Appellants challenge the award upon the grounds of lack of jurisdiction of the board and, assuming its jurisdiction, that the accident did not arise out of and in the course of employment. The facts are not in dispute. Appellant employer is a partnership which operates a thermographing business in New York City. Its two members are the principal stockholders and officers of corporations similarly engaged in Chicago, Illinois and Hollywood, California. Each entity provided separate compensation coverage for its employees. In May, 1959 the Illinois corporation needed an experienced proofreader. It requested the partnership to endeavor to procure such an employee who would be willing to relocate in Chicago. The technical superintendent of the partnership, who also served the corporations in a similar capacity, inserted a newspaper advertisement containing the offer of employment. Claimant, a lifelong resident of New York, noted it and applied for the job. After an interview in which his aptitude as a proofreader was tested, he was hired in New York. It was understood that his permanent employment would be at the Chicago plant. To become familiar with the techniques in use there, claimant entered upon a two-week period of employment in the plant of the partnership under the supervision and tutelage of its composing room foreman. His wages at the rate of $100 per week were paid by the partnership which received no reimbursement from the Chicago firm for this expenditure. Near the end of the training assignment the superintendent, satisfied with his readiness to assume the permanent employment, directed claimant to report to the Chicago plant, gave him a check for travel expenses drawn on the funds deposited in a New York bank to the credit of the Illinois corporation and acceded to claimant's request that he be permitted to use his motor vehicle instead of a plane as the means of transportation. En route to Chicago from his home in Mount Vernon claimant sustained severe injuries in an automobile accident which occurred near Carlisle, Pennsylvania. Almost six weeks thereafter the partnership filed with the board a first report of injury which in answer to a question as to what claimant was doing when the accident occurred stated that he "had worked 2 week training period in New York and was on his way to Chicago to take up employment with our affiliated company, Regency Thermog. Inc. of Ill." The facts in the instant case, tested by well-known criteria, disclose sufficient contacts with New York to warrant the assumption of jurisdiction by the board. (*Matter of Nashko* v. *Standard Water Proofing Co.,* 4 N Y 2d 199; see, also, *Matter of Cameron* v. *Ellis Constr. Co.,* 252 N. Y. 394, 398.) There is also substantial evidence in the record to sustain its finding that claimant's injuries arose out of and in the course of his employment by the partnership. (*Matter of Maisel* v. *Berle,* 11 A D 2d 831, motion for reargument denied 11 A D 2d 961.) Decision and award unanimously affirmed, with one bill of costs to the Workmen's Compensation Board and the claimant-respondent. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.