In the Matter of the Claim of JACK LEVIN, Respondent, v. EUTECTIC WELDING ALLOYS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. The sole issue — that of jurisdiction — was resolved against the appellant carrier by the board's finding, upon substantial evidence, that the employment was in New York (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394, 397, 399) and that the employer's New York office controlled and directed claimant's activities as a salesman of welding alloys. In 1957, claimant, then and at all times thereafter a resident of Pennsylvania, was hired by an official from the employer's New York office, after an interview at Trenton, New Jersey. This was the equivalent of "a hiring in New York" (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199, 202) and the place of the interview was without significance, being chosen merely as a convenient "halfway" meeting point, in a public place, to which the New York official and the Pennsylvania resident journeyed. The employment was "transitory" and not at a "fixed place" (cf. *Cameron, supra*, p. 398), claimant working out of his home in Pennsylvania, at the time of the accident, in a New Jersey territory of two counties. As in *Nashko* (*supra*, p. 202), there was "control of employment from an office located in New York" and, to some extent, apparently, "payment of out-of-State expenses"; claimant's initial training and a subsequent advanced training course being conducted there; his orders being sent to New York and filled there; his earnings and expense accounts being paid there; his forms and literature being sent him from there; his inquiries and requests for advice and assistance being directed there; and conferences being called there. It is true that some years after the employment began and some time before claimant's 1962 accident, there seems to have been

some decentralization; a "service center" for receipt and filling of orders, but no office, being opened in Philadelphia; there being an answering service, but no office, in New Jersey; and claimant being under the supervision of sectional and regional managers, in New York and Maryland, whom claimant saw infrequently. Claimant continued to be paid from New York, his expense accounts continued to be processed and paid there and he continued to have access to the New York office for advice and directions, although on "internal" matters he was required to proceed through the regional manager, if the latter was "available"; and the New York office continued to summon regional employees for conferences there. The regional manager would have had authority to discharge claimant but not to shift his territory; and the New York office still actively directed or participated in all hiring, as the employer's personnel manager made clear. A claim for disability due to a prior accident was recognized and paid by the employer's then carrier under the New York Workmen's Compensation Law. There seems to us to be substantial evidence of "sufficient significant contacts with this State" (*Nashko, supra,* p. 201) to warrant the board's finding, which, therefore, we may not disturb. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.