Burke, J.
(concurring). I concur with the result reached by the majority of the court in these two cases, but I cannot agree with the rationale, as expressed by Judge BergaN, upon which this determination is based. In my opinion the court is incorrectly, inadvisedly and unnecessarily overruling Cameron v. Ellis Constr. Co. (252 N. Y. 394 [1930]). “ Thus, the objective criteria of Cameron, unsatisfactory and artificial as they had become, were replaced by a broader standard to apply jurisdiction in which the sufficiency of significant contacts with New York were to be measured by the particular facts of each case.” The alleged basis for this relegation of Cameron to judicial obscurity is our more recent opinion in Nashko v. Standard Water Proofing Co. (4 N Y 2d 199 [1958]), a case in which we not only refused to overrule Cameron but on the contrary we reiterated the fundamental precept which Cameron espoused, to wit, the deprecation of any arbitrary and inflexible rule tending to rigidly define the jurisdiction of this State’s Workmen’s Compensation Board. I quote from the Cameron decision whose “ objective criteria ” have supposedly become “ unsatisfactory and artificial ”: “ Such illustrations may indicate the manner in which the test should be applied; we do not now attempt a more definite classification intended to cover all the varying circumstances that may enter into the question in other eases.” (252 N. Y., p. 398.) And from Nashko, which supposedly overruled Cameron: “ The Workmen’s Compensation Law contains no explicit definition of its territorial scope and this court has not attempted to fix a single inflexible and conclusive standard for all cases [citing Cameron]. * * * Undeniably the prominent factual element in the Cameron case was the fact that the employment there was confined to ‘ work at a fixed place or places outside the State ’ but it is just as clear that this consideration was not intended to serve as the only measure of jurisdiction for all future cases.” (4 N Y 2d, pp. 200-201.)
Furthermore, I must disagree with the statement in the majority opinion that under Nashko “New York jurisdiction will correspondingly be narrowed as to New York accidents ”, because of a policy therein adopted of “mutually exclusive jurisdictions ”. The only consideration in Nashko was whether the New York Workmen’s Compensation Board validly exer *477 cised its jurisdiction, not whether any other State could have done so or whether its doing so would constitute a bar because of a theory of “ mutually exclusive jursidictions ”. Our determination in Nashko indicated that, even if jurisdiction could not be validly obtained under the Cameron rule, it might be otherwise obtained “If sufficient significant contacts with this State appear so that it can reasonably be said that the employment is located here (4 N Y 2d, p. 201.) This holding expanded both the Cameron rule and the board’s jurisdiction; it limited neither.
Irrespective of this disagreement I have with the treatment by the majority of the Cameron and Nashko cases, the simple fact of the matter is that neither is applicable to the situation presented in the two cases now being decided. Here we have two workmen injured while performing the work they were hired for, injured in this State to which their employers had sent them to do this very work. There can be no doubt that under these circumstances, our Workmen’s Compensation act provides for the compensation of these injured parties, and accordingly cloaks the board with jurisdiction to consider their claims. No judicial gloss on the statute is necessary to reach this conclusion.
Consequently, for this reason alone, I concur in the affirmance herein.
Judges Fulo, VaN Voorhis, Scileppi and Keating concur with Judge Ber-gan ; Chief Judge DesmoND and Judge Burke concur in separate opinions.
In each case: Order affirmed, with costs.