■ In the Matter of the Claim of AGATHA RAPPA, Appellant, v. MALAN CONSTRUCTION COMPANY OF KOPPERS COMPANY, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed March 10, 1967, which denied a claim for death benefits on the ground that New York State had no jurisdiction over the claim. The board denied compensation, finding that "the decedent had no contact with this State other than the original hiring". Decedent was hired in New York to work in Mississippi on one job location. He was hired only for this particular job, which was to last 10 months. After working eight months, decedent sustained an accidental injury which resulted in his death. The board's finding is not supported by substantial evidence. The fact that decedent was hired to work at a fixed location is not dispositive. The criterion of a "fixed location" as established in Matter of Cameron v. Ellis Constr. Co. (252 N. Y. 394), has been replaced with a broader standard, the test being whether there are "sufficient significant contacts with this State * * * so that it can reasonably be said that the employment is located here" (Matter of Nashko v. Standard Water Proofing Co., 4 N Y 2d 199, 201; see, also, Matter of Rutledge v. Kelly & Miller Bros. Circus, 18 N Y 2d 464.) The Court of Appeals has expressly stated that factors such as decedent's residence, location of the employer, place of hiring and payment of expenses should be considered by the board (Matter of Nashko v. Standard Water Proofing Co., supra, p. 202). Its failure to do so here constitutes error, requiring reversal. The deceased was a New York resident at the time of his hiring, which occurred in New York. He lived temporarily in Mississippi with his wife and children in a rented trailer some distance from the construction site; the decedent was returned to New York for burial and the widow returned with her children to live in New York after her husband's death; Malan Construction Company had its permanent, primary office in New York where financial operations were conducted, and assets controlled, establishing that the base of operations was in New York; he was paid according to the union wage scale prevailing in New York; he received payment from the respondent for his transportation expenses from New York to Mississippi, where both the work performed and the payrolls were subject to supervision by the New York office. These contacts, which the board totally ignored, clearly demonstrate that the employment was located in New York so as to give this State jurisdiction. The "sufficient contacts" standard enables New York to take jurisdiction under its Workmen's Compensation Law if there are "adequate" contacts in this State, despite the fact that another State may have contacts too. It is not a question of whether the New York contacts predominate; they need only be sufficient. (Matter of Rutledge v. Kelly & Miller Bros. Circus, supra.) Decision reversed and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against respondent employer. Memorandum by Greenblott, J.; Herlihy, P. J., concurs in the result in a separate memorandum in which Cooke, J., concurs; Reynolds, J., dissents in a memorandum in which Staley, Jr., J., concurs. Herlihy, P. J., (concurring in the result). I concur with Judge Greenblott to the extent that there was no substantial evidence to sustain the board. The board's finding of "no contact with this State other than the original hiring" is not supported by substantial evidence and the finding is entirely inadequate for review in this court; and for this reason the matter should be remitted for further proof and more definite findings. "Original hiring" may be interpreted in different context by a number of interpreters. Reynolds, J. (dissenting). On October 13, 1965 decedent was fatally injured while working in Nicholson, Mississippi. The board has declined to find jurisdiction in New York, and we find no

basis to disturb this determination. As was stated in *Matter of Nashko* v. *Standard Water Proofing Co.* (4 N Y 2d 199, 200–201) : " There is no fixed, invariable touchstone by which the presence or absence of jurisdiction in cases like the present one may be determined. The Workmen's Compensation Law contains no explicit definition of its territorial scope and this court has not attempted to fix a single inflexible and conclusive standard for all cases (see *Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394, 398.) What has developed is an approach whereby certain factors tending to show substantial connection with this State are looked for in the factual patterns of each individual case. If sufficient significant contacts with this State appears so that it can reasonably be said that the employment is located here then the Workmen's Compensation Board has jurisdiction. (*Matter of Cameron* v. *Ellis Constr. Co., supra*, p. 397; see, also, *Cardillo* v. *Liberty Mutual Co.*, 330 U. S. 469, 476.) If on the other hand the circumstances and elements of the employment are such as to indicate that the employment is in fact located in another State then the claimant is not protected by our statute. But at all times the determination as to the employment's location is governed by the facts of the particular case." Our search, therefore, is to determine where the employment is located. We must see whether there is substantial evidence to support the determination made by the Workmen's Compensation Board. If there is substantial evidence to support the decision, then the board's ruling on jurisdiction must be affirmed. It is not our function to weigh the evidence and substitute our judgment for that of the board. In the instant case deceased was hired in New York but his entire work was to take place at a fixed location in Mississippi. There is no dispute that he was supervised and controlled in Mississippi, directed and paid there by check on a Mississippi bank. He was covered by a Mississippi Workmen's Compensation insurance policy and his wages there were included in the payroll audit at that point. It must be remembered that this was not a New York hiring followed by work of a purely transitory nature outside of New York. It also was not an accident which occurred within the State of New York as in *Rutledge* v. *Kelly & Miller Bros. Circus* (18 N Y 2d 464). It is conceded that the hiring took place in New York, although deceased had been previously in contact with the labor foreman in Mississippi about a job. There is no question that at the time of the hiring deceased lived in New York. The finding of the board that the decedent had no contact with this State other than the original hiring is supported by the evidence. The facts that he was hired at a New York laborer's scale and his transportation was paid to Mississippi were all part of the hiring agreement. The contention that the board did not consider all the contacts is patently without substance. There is no flaw in the findings. On the facts of this case to determine that the board's declining of New York jurisdiction was not supported by substantial evidence would be unsound and not in accord with the law or the decisions applicable. The decision of the board should be affirmed.