In the Matter of the Claim of MARIE V. BAGDALIK, Respondent, against FLEXLUME CORPORATION, Employer, and STATE INSURANCE FUND, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 11, 1939.

*Bernard Botein* [*George J. Hayes* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General*, of counsel], for the State Industrial Board, respondent.

*Louis P. Friedman* and *I. Greenfield* [*Noel S. Symons* of counsel], for the claimant, respondent.

SCHENCK, J.   The carrier, State Insurance Fund, appeals from a decision of the State Industrial Board affirming a prior decision of the referee awarding death benefits pursuant to the provisions of the Workmen's Compensation Law, in favor of the widow of the deceased.

The employer is engaged in the business of manufacturing, erecting and repairing advertising signs and its business is carried on in practically all of the States east of the Mississippi.   Its factory and principal place of business is located in Buffalo.   At the time of the accident the employer had one branch office, located in Chicago.   Prior to the accident this office was taken over, operated and controlled by the Buffalo office and employees in the Chicago office received their instructions and were paid by the main office in Buffalo.

Prior to the accident the employer had shipped certain equipment to Chicago to be used in connection with an electric sign which had been sold to a customer in that city.   It was found that something was wrong with this sign and one Powers, in charge of the Chicago office, hired the deceased to repair it.   He was not hired for permanent work at some fixed place in Chicago, but was hired to " fix that sign on that particular day."   In affirming the award, the Industrial Board reformed the policy to extend coverage with respect to the accident in question on the theory that the undisputed evidence showed that the carrier collected a premium on all employees of its assured regardless of where they worked, and the Board held that it had extraterritorial jurisdiction.

The insurance policy specified the location of employer's factory as " 1100 Military Road, Buffalo, N. Y.," and contained a clause extending coverage " in respect of operations described in the declaration attached to this policy together with operations incident thereto while conducted either at the workplaces herein described and defined or elsewhere in connection therewith."   The classification of employees included not only outside salesmen, but " Sign

Erection or Repair." It appears that at the time the policy was issued, nothing was said in regard to extraterritorial coverage nor does it appear that the carrier's attention was called to the existence of the Chicago office when an audit was later made. At the hearings before the Industrial Board, the carrier's contention was that there was no policy coverage. On this appeal it argues not only that there was no policy coverage, but also contends that deceased was not an employee.

Clearly, decedent was an employee at the time of the accident and was injured in the course of his employment. The appellant insurance carrier claims that the person in charge of the Chicago office was not specifically authorized to hire deceased, that deceased was an employee of Peerless Neon Company, had never before worked for the Flexlume Corporation, nor was his name included on the payroll. It does appear that deceased was a part time employee of the Neon Company and had never previously worked for the employer Flexlume Corporation, but it cannot be said that he was an independent contractor, and appellant does not so claim. While he was not on the payroll, he would have been had he not been killed shortly after commencing the work of repairing the sign in Chicago. He was not paid for this work due to his accidental death, but would have received his check from the Buffalo office had he lived. It must be found that he was an employee of the Flexlume Corporation, employer here, and that he was injured in the performance of his duty.

The question then presented is that of coverage. The policy specifies the exact location of employer's operation as " 1100 Military Road, Buffalo, N. Y." The employer was engaged in selling, erecting and repairing signs throughout the eastern part of the United States and sent salesmen outside of the State to dispose of its manufactured product. May it be found that there was no liability on the part of the insurance carrier unless all of the signs manufactured by the employer were erected on employer's plant in Buffalo, that being the only location specified in the policy? The facts presented before the referee and the Industrial Board allow of no such absurd conclusion, and the Board properly exercised its powers to reform the policy and enforce the true intent of the parties.

Aside from the question of reformation of the policy, the decedent was employed to do work incidental to the principal business of the employer. The sign in question was shipped from the main office in Buffalo to the branch office in Chicago, as were certain transformers which were installed in connection therewith. Something became defective and the person in charge of the Chicago

office hired an electrician to remedy the defect. He was hired by the hour and would have been paid from the Buffalo office except for this unexpected accident. The work he was hired to do was incidental to the principal business of the employer and his work was temporary, occasional and transitory. Appellant cites as controlling *Matter of Cameron* v. *Ellis Construction Co.* (252 N. Y. 394), but to my mind that case has no application here. The Board had jurisdiction to make the award, since the manager of the Chicago office was under the employer's express direction from its place of business within this State. (*Matter of Flinn* v. *Remington Rand, Inc.*, 251 App. Div. 578.) In that case, RHODES, J., writing for the court, says (at p. 579): " The appellant claims that the employment was at a fixed location without the State, such fixed location being the territory assigned to deceased. Even where the out of State employment was at a fixed location, compensation has been awarded where the employee's work was ' under the employer's express direction,' from its place of business within this State. (*Matter of Smith* v. *Aerovane Utilities Corp.*, 259 N. Y. 126; *Post* v. *Burger & Gohlke*, 216 id. 544.) The employee in the present case was thus directed."

The determination of the State Industrial Board is amply supported by the evidence. It found that the manager of the Chicago branch hired decedent to repair a sign which had been shipped from the main factory in Buffalo; that this repair job was an emergency and the services of an electrician were required; that the repair work performed by decedent was directly connected with and incidental to the employer's business in New York; that necessary parts to repair the sign were shipped from the Buffalo plant and that the work performed or to be performed by decedent was of an emergency character necessary in the interests of the business conducted by the employer. The employer had no other compensation policy and from the evidence it becomes clear that the insurance carrier had general knowledge of the character of the business carried on by the employer.

The award of the death benefits in this case should be affirmed.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., dissents, with a memorandum.

BLISS, J. (dissenting). I dissent and vote to reverse the award and dismiss the claim. It is undisputed that the deceased was employed in the city of Chicago to perform services solely and only within that city and that all of the directions given to him for the performance of those services were given to him in the city of Chicago. He was at all times a resident of the State of Illinois

and his work was all to be conducted at one place in the city of Chicago. There is no evidence in the record which will sustain the finding that his employment was located in the State of New York and was transitory and not conducted at a fixed place. The undisputed evidence shows that his employment was all located in the city of Chicago, was not transitory and was all to be conducted at one fixed place. The accident and claim do not come within the jurisdiction of the New York State Industrial Board and the award should be reversed and the claim dismissed.

Award affirmed, with costs to the State Industrial Board.