19-2203-cv
Tayyib Bosque, Corp v. Emily Realty, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
                   RAYMOND J. LOHIER, JR.,
                   JOSEPH F. BIANCO,
                             *Circuit Judges*.
------------------------------------------------------------------
TAYYIB BOSQUE, CORP, TAYYIB BOSQUE,

                   *Plaintiffs-Appellants*,

         v.                                                              No. 19-2203

EMILY REALTY, LLC, JOSEPH LAFRIEDA,

                   *Defendants-Appellees*.
------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS: ROBERT G. LEINO, New York, NY.

FOR DEFENDANTS-APPELLEES: JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Tayyib Bosque, Corp and Tayyib Bosque (collectively, "Bosque") appeal from a judgment of the District Court (Ramos, J.) granting summary judgment in favor of Emily Realty, LLC and Joseph Lafrieda (collectively, "Lafrieda") and dismissing Bosque's claims for breach of contract, breach of implied contract, unjust enrichment, quantum meruit, and fraud, as well as a claim to pierce the corporate veil.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. <u>Choice of Law</u>

In granting summary judgment, the District Court concluded that New Jersey rather than New York law applied and that all of Bosque's claims fail as a matter of New Jersey law. Reviewing the District Court's choice-of-law determination <u>de novo</u>, <u>see</u> <u>Caruolo v. John Crane, Inc.</u>, 226 F.3d 46, 57 (2d Cir. 2000), we conclude, as a threshold matter, that the District Court, sitting in diversity jurisdiction, was correct to apply the choice-of-law rules of the forum state—here, New York, <u>see</u> <u>Md. Cas. Co. v. Cont'l Cas. Co.</u>, 332 F.3d 145, 151 (2d Cir. 2003) (citing <u>Klaxon Co. v. Stentor Elect. Mfg. Co.</u>, 313 U.S. 487, 497 (1941)). In contract cases, New York courts use a "center of gravity" or "grouping of contacts" analysis to determine which State has the most substantial relationship to the transaction and to the parties. <u>Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.</u>, 84 N.Y.2d 309, 317 (1994); <u>Equis Corp. v. Mack-Cali Realty Corp.</u>, 775 N.Y.S.2d 35, 38 (1st Dep't 2004) (where the parties' dispute concerns "contracts referring to the transfer of title to land . . . the heaviest weight in the [] grouping of contacts analysis should be accorded to the location of the property").

With that in mind, we also agree with the District Court that, under New

3

York choice-of-law rules, New Jersey law applies. Among other things, the properties and business assets in question are located in New Jersey; Bosque's initial meeting with Lafrieda took place in New Jersey; Bosque travelled to New Jersey several times to inspect the properties and to conduct market price research on similar businesses in the area; and Bosque took at least three potential investors to view the properties. In addition, New Jersey has an interest in regulating the sale and purchase of health care and boarding facilities within its borders.

In urging a contrary conclusion, Bosque relies on Intercontinental Planning v. Daystrom, Inc., 24 N.Y.2d 372 (1969), which applied New York law instead of New Jersey law to resolve a similar fee dispute. But Intercontinental relied on the fact that at that time New Jersey, unlike New York, did not require a written agreement to recover a broker's fee. Id. at 384–85; see also Matter of Allstate Ins. Co. (Stolarz—N.J. Mfrs. Ins. Co.), 81 N.Y.2d 219, 226 (1993). That reasoning has little if any force today now that New Jersey also requires a written agreement to recover such a fee. N.J. Stat. Ann. § 25:1-16 (1996). We are also unpersuaded by Bosque's claim that Lafrieda chose Bosque to sell his businesses based on

4

Bosque's ties to New York, since the record shows that Bosque initiated contact with Lafrieda, not the other way around.

2. Common Law Claims

With respect to Bosque's breach of contract claim under New Jersey law, a broker must be the "efficient producing cause" of the transaction and can only earn a commission for a transaction that he does not cause if the agreement explicitly provides for it. See Vanguard Telecomms., Inc. v. S. New England Tel. Co., 900 F.2d 645, 651 (3d Cir. 1990) (quoting De Benedictis v. Gerechoff, 134 N.J. Super. 238, 242 (App. Div. 1975)). Bosque argues that Lafrieda's text message, which stated that the first broker "with signed contracts and deposit check wins," App'x 396, evidences an agreement that Bosque was entitled to a commission once he introduced Lafrieda to the prospective buyer and his buyer signed the agreement and wired a $250,000 deposit. But even assuming without deciding that text messages can constitute an agreement that satisfies the statute of frauds under New Jersey law, another Bosque text message contradicts his claim that the agreement entitled him to a commission even if Lafrieda's sale to Bosque's prospective purchaser did not close. See App'x 404 ("Listen, close the

5

deal you owe me $500k . . . .Don't close[,] send [the prospective buyer's] deposit back[,] you owe me nothing."). Indeed, the record shows that that there was no sale in which Bosque had any involvement or in which he was entitled to a commission.

On appeal, Bosque fails to advance any argument that his other common law claims survive under New Jersey law. Nor does he argue that piercing the corporate veil of Emily Realty, LLC is justified under Nevada law, where that company was incorporated. See Sweeney, Cohn, Stahl & Vaccaro v. Kane, 773 N.Y.S.2d 420, 423 (2d Dep't 2004). Accordingly, Bosque's challenges to the District Court's dismissal of his breach of implied contract, unjust enrichment, quantum meruit, and fraud claims, as well as his claim to pierce the corporate veil, are abandoned. See Morrison v. Johnson, 429 F.3d 48, 52 (2d Cir. 2005).

We have considered Bosque's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6